UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:

    F.M. Butt Hotels, Corp.,                         Bankruptcy Case No. 19-20310-PRW
                                                                                Chapter 11

    Debtor.

_____

## DECISION AND ORDER
## GRANTING EMERGENCY MOTION
## AND BARRING DEBTOR FROM FILING A
## BANKRUPTCY PETITION FOR ONE YEAR

PAUL R. WARREN, U.S.B.J.

      Access Point Financial, LLC filed an emergency motion requesting that the Court temporarily reopen this case for the purpose of extending further the 180-day filing injunction that was previously issued in this case. That injunction expired on November 17, 2019. The Court issued an Order temporarily re-opening this case, under § 350(b) of the Code, and requiring that F.M. Butt Hotels Corp. and its principal, Naeem Butt show cause as to why an extension of the filing injunction should not be granted to prevent both further abuse of the bankruptcy system and further interference with the state court foreclosure action by F.M. Butt Hotels Corp. and Mr. Butt. The Court held a hearing on the motion on January 17, 2020.

      Having heard from Access Point, counsel to the Debtor, and the Town of Gates Fire Marshal, and after giving careful consideration to the abusive conduct by F.M. Butt Hotels Corp. and Mr. Butt, **the Court exercises its discretion, under 11 U.S.C. § 105(a), and ENJOINS F.M. Butt Hotels Corp. from filing a bankruptcy petition anywhere in the United States for a period of ONE YEAR from the date of this Order**. The filing injunction extends to any person

or entity to whom F.M. Butt Hotels Corp. or Naeem Butt transfers or attempts to transfer the real property located at 911 Brooks Avenue, Town of Gates, New York. Further, to ensure that neither F.M. Butt Hotels Corp. nor Mr. Butt can end-run this Order, it is further **ORDERED** that any bankruptcy case filed during the pendency of this one-year filing injunction, purporting to affect the 911 Brooks Avenue property, will not receive the benefit of the automatic stay as to 911 Brooks Avenue, Town of Gates, New York, under 11 U.S.C. § 362(d)(4)(B), unless and until this Court orders otherwise. The filing injunction imposed by this Order is *in rem* and runs with the land located at 911 Brooks Avenue, Town of Gates, New York.

# I.

# JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157(a), 157(b)(1), and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 FRBP.

# II.

# ISSUE

The narrow question presented is whether the Court should extend its filing injunction, to prevent F.M. Butt Hotels Corp. or Naeem Butt from interfering with a lawfully conducted foreclosure action before the Monroe County Supreme Court. The answer is yes.

2

## III.

## FACTS

The tortured history of this case and that of the 911 Brooks Avenue hotel property was detailed by this Court in a decision issued last year. *See In re F.M. Butt Hotels, Corp.*, Case No. 19-20310-PRW, 2019 Bankr. LEXIS 1395 (Bankr. W.D.N.Y. May 3, 2019); (ECF No. 42). In dismissing this case in May 2019, the Court imposed a 180-day injunction prohibiting the filing of a Chapter 11 petition by F.M. Butt Hotels Corp., under 11 U.S.C. § 105(a) and § 349(a). The injunction was shorter in duration—by half—than had been requested by Access Point (ECF No. 39, p. 6-7). The filing injunction expired on November 17, 2019.

In its emergency motion, Access Point picks up the saga of its efforts to foreclose the mortgage on the hotel property at 911 Brooks Avenue, describing in great detail the events that have taken place since this case was dismissed. (ECF No. 55). Shortly after this Court imposed the filing injunction, the state court granted a default judgment and appointed a referee. (ECF No. 55, Declaration ¶ 7). But, it was not until December 17, 2019, that the state court entered a judgment of foreclosure and sale and directed the referee to advertise the property for sale. (*Id.* ¶ 8). There is nothing to suggest that Access Point was lackadaisical in pursuing the foreclosure action, such that the delay in entry of the foreclosure judgment could be attributable to Access Point. The foreclosure sale is scheduled to take place next Tuesday, January 21, 2020. (*Id.* ¶ 9).

The lengths to which Mr. Butt has gone to interfere with the court-appointed referee are described in detail in the emergency motion. (*Id.* ¶¶ 10-23). Counsel for Access Point indicated at the hearing that Mr. Butt has been held in contempt of state court orders twice in the foreclosure proceeding. A third contempt charge is pending. Mr. Butt has also ignored an order issued by the Gates Town Court to vacate the hotel premises, which Mr. Butt has been occupying as a residence,

3

together with his elderly mother. The mischievous conduct of Mr. Butt culminated in a series of recent telephone voicemail messages, left with counsel to Access Point by Mr. Butt on January 8, 2020. (*Id.* ¶¶ 24-28). Excerpts of those voicemail messages are included in the motion. (*Id.*). In sum and substance, Mr. Butt has once again indicated an intention to file a Chapter 11 case "maybe an hour before" the foreclosure sale to stop Access Point from finally completing the foreclosure of its mortgage. (*Id.* ¶ 26). Should that happen, that would be the 4th Chapter 11 case filed by F.M. Butt Hotels Corp. (acting by and through Mr. Butt) in less than 12 months—all designed to impede, obstruct, and prevent the foreclosure from being completed. In the previous cases—and in the threatened case—Access Point was and is the only creditor of F.M. Butt Hotels Corp., with a (partially) secured claim of nearly $8 million and (most likely) an unsecured deficiency claim—given the property's depressed value—large enough to block the confirmation of *any* Chapter 11 plan.

## IV.

## DISCUSSION

### A. <u>Reopening this Proceeding is Appropriate</u>

A bankruptcy court has discretion, under 11 U.S.C. § 350(b), to reopen a previously closed proceeding. *D.A. Elia Constr. Corp. v. Damon Morey LLP*, Case No. 11-CV-637-A, 2013 U.S. Dist. LEXIS 45931, at *28-29 (W.D.N.Y. March 29, 2013). The bankruptcy court retains jurisdiction to interpret and enforce its orders." *Id.* (citing *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009)).

On January 14, 2020, in its Order to Show Cause, the Court "temporarily reopened" this proceeding to allow the Court to consider and determine Access Point's request for a temporary

4

Case 2-19-20310-PRW, Doc 64, Filed 01/17/20, Entered 01/17/20 15:34:49, Description: Main Document , Page 4 of 7

restraining order and an extension of the filing bar. (ECF No. 56). This case has been re-opened for cause, under 11 U.S.C. § 350(b) of the Code, for the sole purpose of allowing the Court to revisit the petition filing injunction it had previously imposed against F.M. Butt Hotels Corp.

**B.** <u>**The Court Should Extend the Previous Filing Bar**</u>

In May 2019, this Court granted the motion of Access Point and dismissed this Chapter 11 case for cause, under 11 U.S.C. § 1112(b)(1), (b)(4)(A), (b)(4)(B), (b)(4)(C), (b)(4)(D), (b)(4)(E), and (b)(4)(H). *In re F.M. Butt Hotels, Corp.*, 2019 Bankr. LEXIS 1395, at *15. In addition to seeking dismissal for cause, Access Point also requested that the Court exercise its discretion, under 11 U.S.C. § 105(a) and § 349(b), and enjoin F.M. Butt Hotels Corp. from filing a bankruptcy petition for a period of one year. (ECF No. 33). The Court did find cause to warrant the issuance of an injunction barring F.M. Butt Hotels Corp. from filing a bankruptcy petition, but the Court limited that injunction to 180 days. *See In re F.M. Butt Hotels, Corp.*, Case No. 19-20310-PRW, 2019 Bankr. LEXIS 1395, at *17. It was the Court's reasoned assessment that Access Point would have no trouble completing the state court foreclosure within 6 months. The Court's assessment was wrong. Access Point was prescient in asking for a 1-year injunction. The post-dismissal events demonstrate that the Court underestimated the length of time it would take to wrap up the foreclosure action—and the lengths to which Mr. Butt would go to stall that process.

In the present motion, Access Point asks the Court to impose a further 180-day filing injunction, to provide sufficient time for the foreclosure to be completed—without interference by F.M. Butt Hotels Corp. or Mr. Butt. As Access Point sees it, because the foreclosure sale is scheduled for January 21, 2020, a 6-month injunction should do the trick. The extra layer of relief now sought by Access Point—a 6-month filing injunction—in the Court's view, may not go far

5

enough to ensure that the foreclosure action and all other steps necessary to take possession of the hotel property are able to be completed without further interference.

The Court has no doubt that Mr. Butt will continue to obstruct, interfere, sabotage and endeavor to wreak havoc with the foreclosure process. Despite repeatedly being held in contempt by the state court, Mr. Butt continues to throw monkey wrenches into the gears of the state court action and the town court eviction action. One need only recognize that it took over 9 months for Access Point to advance the foreclosure action to the doorstep of a sale.[1] It is fair to assume that it will likely require a similar amount of time (and state court intervention) for Access Point to complete the post-sale process and actually wrest possession of the real property from Mr. Butt. For that reason, the Court—for cause—exercises its discretion, under 11 U.S.C. § 105(a), and enjoins F.M. Butt Hotels Corp. from filing a bankruptcy petition for a period of ***one year*** from the date of this Order.

---

[1] Mr. Butt has previous experience with using the bankruptcy system to attempt to defeat the efforts of a secured creditor from foreclosing on hotel property. (*See* Case No. 01-20906, Bankruptcy Court for the District of Connecticut). The story surrounding Mr. Butt's ownership of Bradley Plaza Hotel in Hartford, Connecticut is nearly identical to Mr. Butt's ownership of the former Ramada Plaza Rochester Airport—the 911 Brooks Avenue property. *See* Paul Marks, *Bankrupt Bradley Plaza Hotel Has Buyer*, The Hartford Courant (Dec. 27, 2003), https://www.courant.com/news/connecticut/hc-xpm-2003-12-27-0312270297-story.html; Kurt Moffett, *Hotel owner forced to see at auction*, Journal Inquirer (May 28, 2002), https://www.jounalinquirer.com/archives/hotel-owner-forced-to-sell-at-auction/article_b8323858-cfc5-53fa-9978-b454d17cee9b.html.

## V.

## CONCLUSION

Under 11 U.S.C. § 105(a),[2] the Court exercises its discretion and **ENJOINS** F.M. Butt Hotels Corp. from filing a bankruptcy petition, *under any chapter of the Code for a period of one year* from the date of this Order.  This filing injunction is nationwide in its application.  The filing injunction extends to any person or entity to whom F.M. Butt Hotels Corp. (or Naeem Butt) transfers or attempts to transfer the real property located at 911 Brooks Avenue, Town of Gates, New York.  Further, it is **ORDERED** that any bankruptcy case filed during the pendency of this one-year filing injunction, purporting in any manner to affect the 911 Brooks Avenue property, will not receive the benefit of the automatic stay as to 911 Brooks Avenue, Town of Gates, New York, under 11 U.S.C. § 105(a) and § 362(d)(4)(B).  The filing injunction imposed by this Order is *in rem* and runs with the land located at 911 Brooks Avenue, Town of Gates, New York.  The Clerk of Court is directed to **REJECT** any bankruptcy petition tendered by F.M. Butt Hotels Corp., Naeem Butt, or someone acting on their behalf, in violation of the filing injunction imposed by this Court.  This case is to be closed immediately after the entry of this Order.

**IT IS SO ORDERED.**

DATED: January 17, 2020  
      Rochester, New York

_____/s/_____  
HON. PAUL R. WARREN  
United States Bankruptcy Judge

---

[2]    Because this case was previously dismissed and remains dismissed, it would seem that reliance on § 349(a) of the Code as additional authority supporting the filing injunction is not necessary.  *See, e.g.*, *Casse v. Key Bank Nat'l Ass'n*, 198 F.3d 327, 337-38 (2d Cir. 1999).  However, out of an abundance of caution, the Court invokes 11 U.S.C. § 349(a) as further grounds to support the filing injunction.